### THE PETITION OF ROBERT FORD & ALS. FOR A ROAD IN DANBURY.

When, upon investigation before the whole court, at their law term, an error has been found in the proceedings of the county road commissioners, it is in the discretion of the court to recommit their report directly to the same board of commissioners for correction, instead of sending it to the court from which it first emanated.

Notices to the selectmen and land holders are, in the first instance, under the supervision of the commissioners, and if insufficient in any material respect, this court will see that no one is injured in his rights.

IN THIS CASE the commissioners reported in favor of laying out the highway petitioned for, and the defendant filed the following exceptions to the report:

1st. Because there is no commission of reference issued by a court of competent jurisdiction under which the commissioners were authorized to act.

2nd. Because no petition for said highway was pending in the Supreme Judicial Court in the Second Judicial District, from which the commission, under which the commissioners undertook to act, issued.

3rd. Because no motion to re-commit the petition for said highway was pending in said court for said Second Judicial District.

4th. Because no notice to the selectmen was given of the time and place of hearing by the commissioners, setting forth the commission of reference from the court as modified by the Supreme Judicial Court for said Second Judicial District.

5th. Because the hearing was had at the private dwelling-house of George N. Ford, one of the petitioners, who took a prominent part at the hearing and where the commissioners were boarded and entertained by said party in interest, in company with the plaintiffs' counsel and witnesses and friends of the proposed highway, to the exclusion of accommodations for persons interested on the other side.

It appeared in evidence, that, at the November term of the court in this county, the commissioners made a report in said case, upon which certain questions of law arose, which questions were transferred to the Law Term, and at the December Law Term in this District, the case

was continued nisi to the adjourned Law Term to be holden at Concord, on the 19th day of March, 1863, at which adjourned term it was "ordered that said report be set aside and the petition be re-committed to the commissioners for said county of Grafton forthwith, as of the present adjourned term;" that the petition and the original commission were sent to the commissioners of this county by the clerk of this court together with a copy of the order of the court at the adjourned Law Term as aforesaid; that the commissioners proceeded to notify the parties for a new hearing on the first day of May, 1863, (said notices may be referred to as part of this case); that all the parties attended the hearing and made no objection to the notice or to the hearing; that the hearing was at the house of one of the petitioners as stated in the exceptions, and that the commissioners were boarded there during the hearing by the petitioners; that plaintiffs' counsel took dinner there with the commissioners on the day of the hearing, and invited the defendant's counsel to do the same, which invitation he declined; and that during the hearing the house was open for both sides to attend and be heard, and that all parties were fully heard, though some complaint was made by the spectators that there were not seats enough in the house furnished for their accommodation.

The exceptions to the report were overruled and judgment ordered upon the report, to which ruling defendant excepted and filed this bill of exceptions, which is allowed by the court.

*Flanders & Pike*, for petitioners.

*Norris*, for the town.

NESMITH, J. At a former trial term of this court in the eastern judicial district in this county, the original report of the road commissioners for the county, who had had the aforesaid petition in charge, was duly returned to said court for acceptance. Their report was then and there met by the following motions: The petitioners for the road first moved for the acceptance of the said report, when in fact but a portion of the road prayed for had been laid out; and, in case this motion was refused by the court, the petitioners then moved for the recommitment of the report to the commissioners.

The town of Danbury moved to reject the report laying out part of the highway as aforesaid, and moved, also, for judgment on the residue of the report.

The questions arising out of these several motions, together with the original report, were reserved and assigned for the determination of the whole court at its next law term. And the whole court at their adjourned session of the law term, which was holden at Concord in the second judicial district, ordered the aforesaid report of the road commissioners, together with their original commission, and the instructions contained therein, to be recommitted to said board. At the recent trial term of this court, holden at Plymouth, in and for the fourth judicial district in this State, the said board of commissioners again made their

report, laying out the whole of the highway as prayed for, thus obviating the principal objection made by the town to the acceptance of the former report. And now the defending town again presents the several objections embraced in the case before us.

These several exceptions are evidently intended to question the right or power of this court, exercised in adopting the mode prescribed by them for the recommitment of said report directly to the road commissioners in Grafton county. In other words, the defendants say that the report, if found defective, should have been first sent back to the court, from which it emanated, and then, through a direct order of the presiding justice at the trial term, it should reach the commissioners for their further revisal and amendments. And it may be conceded, that this latter course has been the more common practice in similar cases. But it appears to us, the defendants have no right to complain of the order of the court in this case. They do not show how they have been prejudiced by it. It is manifest, the commissioners have had an opportunity to hear and examine the whole merits of the case, some months earlier than they would, provided the petition and report had taken the ordinary channel, and gone to the trial term in the first instance.

In either case, the records and orders, &c., are with the same clerk. Under the statute of 1855, remodeling the judiciary, and giving existence to and defining the jurisdiction of this court, it will be seen that the language of different sections of that act confers the power on this court to adopt all necessary rules and regulations in order to give speedy justice to litigating parties, and to enforce the decisions or decrees of the court. In this instance, as it appears to us, the court established a rule of practice salutary in itself. They established the rule for the avowed purpose of carrying into practical effect the express authority conferred upon said court by virtue of the 10th section of said act. That section, among other things, provides "that this court shall have the general superintendence of all courts of inferior jurisdiction for the prevention and correction of errors and abuses, where the laws have not expressly provided a remedy." Now, where the power is thus so clearly and expressly conferred upon the higher tribunal, they are placed under the immediate and implied obligation of the statute to prescribe the best rule of action to carry into effect the legitimate meaning of its framers. Here an admitted error had been made by the commissioners, and it simply devolved upon the court, upon its discovery, to provide the most speedy and sure way of correcting it.

The best mode of correcting the error of the commissioners becomes a question of expediency, and it was within the wise discretion of the court to determine how it might be corrected. It is enough to say that we approve of the mode adopted by the court, because the earliest termination of litigation was selected; and the shortest road to a final decision of a litigated case is found in practice, generally, most satisfactory, and least expensive to the parties engaged. We are therefore of the opinion that the power of the court has been legally exercised in this case. We are, also, of the opinion that the original commission to the board was properly recommitted to them, with the instructions

therein contained; and, also, that the notices to the interested parties, as well as to land holders, were well enough—no one appearing, as a complainant, none appearing to be actually injured by an insufficient notice.

*Exceptions overruled.*